UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- X

JAMEL FLETCHER; TARRELL FLETCHER; DONELL
GOLSON; MALIKE LEGRAND; QUOMENTERS
LEGRAND; LAWANDA PAGE; and WILLIAM
VARGAS,

**FIRST AMENDED**
**COMPLAINT**

                              Plaintiffs,

14-cv-3546-RJD-JO

          -against-

ECF Case

THE CITY OF NEW YORK; SGT. ROBERT
MALONEY, Tax ID # 930640; P.O. DIAZ; DET.
WALIUR RAHMAN, Shield # 06428; DET.
EDWARD SINCLAIR, Shield # 05116; DET.
JAMES RIVERA, Shield # 05027; and P.O.
JOHN/JANE DOES # 1-10; the individual
defendant(s) sued individually and in
their official capacities,

Jury Trial Demanded

                              Defendants.

---------------------------------------- X

**PRELIMINARY STATEMENT**

          1.    This is a civil rights action in which plaintiffs

seek relief for the violation of plaintiffs' rights secured by

42 U.S.C. § 1983; and the Fourth, Fifth, Sixth, and Fourteenth

Amendments to the United States Constitution; and the laws of

the State of New York.  Plaintiffs' claims arise from an

incident that arose on or about March 8, 2013.  During the

incident, the City of New York, and members of the New York City

Police Department ("NYPD") subjected plaintiffs to: unlawful

search and seizure; false arrest; assault; battery; unreasonable

force; failure to intervene; denial of a fair trial;
trespass/conversion of chattels; implementation and continuation
of an unlawful municipal policy, practice, and custom; and
respondeat superior liability.  Plaintiffs seek compensatory and
punitive damages, declaratory relief, an award of costs and
attorney's fees, pursuant 42 U.S.C. § 1988, and such other and
further relief as the Court deems just and proper.

<u>**JURISDICTION & VENUE**</u>

2.    This action is brought pursuant to 42 U.S.C. §
1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to
the United States Constitution.  Jurisdiction is conferred upon
this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and
1343.

3.    Plaintiffs invoke the supplemental jurisdiction
of this Court pursuant to 28 U.S.C. § 1367 to hear and decide
claims arising under state law.  Plaintiffs' notice of claim
were duly filed on defendant City of New York within 90 days of
the incidents at issue, and more than 30 days have elapsed since
such filing and the City of New York has refused to settle
plaintiffs' claims.  Moreover, this action has been filed within
one year and 90 days of the incident.  Plaintiffs have satisfied
all conditions precedent for the filing of this action.

2

4.     Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.     Plaintiff Jamel Fletcher is a resident of the State of New York, Kings County.

6.     Plaintiff Tarrell Fletcher is a resident of the State of New York, Kings County.

7.     Plaintiff Donell Golson is a resident of the State of New York, Kings County.

8.     Plaintiff Malike Legrand is a resident of the State of New York, Kings County.

9.     Plaintiff Quomenters Legrand is a resident of the State of New York, Kings County.

10.    Plaintiff Lawanda Page is a resident of the State of New York, Kings County.

11.    Plaintiff William Vargas is a resident of the State of New York, Kings County.

12.    At all times herein, defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiffs' rights as described herein.

3

13.    At all times alleged herein, defendants Sgt. Robert Maloney, Tax Id # 930640; P.O. Diaz; Det. Waliur Rahman, Shield # 06428; Det. Edward Sinclair, Shield # 05116; Det. James Rivera, Shield # 05027; and P.O. John/Jane Does # 1-10 were New York City Police Officers employed with the 77th Precinct and/or Narcotics Borough Brooklyn North, located in Kings County, New York or an other as yet unknown NYPD assignment, who violated plaintiffs' rights as described herein.

14.    The individual defendants are sued in their individual and official capacities.

### STATEMENT OF FACTS

**The Incident**

15.    On March 8, 2013, at and in the vicinity of 222 Brooklyn Avenue, Brooklyn, New York, and the 77th Precinct, Brooklyn, New York, several police officers operating from the 77th Precinct located in Kings County, New York, including upon information and belief, defendants Sgt. Robert Maloney, Tax Id # 930640; P.O. Diaz; Det. Waliur Rahman, Shield # 06428; Det. Edward Sinclair, Shield # 05116; Det. James Rivera, Shield # 05027; and P.O. John/Jane Does # 1-10, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiffs.

4

16.    On March 8, 2013, at approximately 6:00 a.m. to 9:00 a.m., at and in the vicinity of 222 Brooklyn Avenue, Brooklyn, New York, defendants Sgt. Robert Maloney, Tax Id # 930640; P.O. Diaz; Det. Waliur Rahman, Shield # 06428; Det. Edward Sinclair, Shield # 05116; Det. James Rivera, Shield # 05027; and P.O. John/Jane Does # 1-10, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs (or any third person) had committed a crime unlawfully entered the building.

17.    The police broke into 222 Brooklyn Avenue, Brooklyn, New York.

18.    If the police had a search warrant, it was issued upon the basis of extremely unreliable information, the unreliability of which was withheld from the issuing magistrate.

19.    If the police had a search warrant, they obtained it by failing to properly supervise and verify the reliability of any informant before obtaining the warrant and withheld this fact from the issuing magistrate.

20.    If the police had a search warrant, they went beyond the scope of the warrant.

21.    Once the police entered 222 Brooklyn Avenue, Brooklyn, New York, the plaintiffs were not free to disregard the defendants' questions, walk away or leave the scene.

5

22.     Jamel Fletcher was asleep in his room when the police broke into his room.

23.     The police had their firearms drawn.

24.     Jamel was not wearing any clothes.

25.     The police grabbed and threw Jamel off his bed, put a knee in his face, punched and kicked him, hit him in the back with a baton, and placed excessively tight handcuffs on his wrists.

26.     After the police handcuffed Jamel they pulled him up.

27.     They eventually allowed him to put on pants.

28.     Jamel asked the police to loosen his handcuffs, but they ignored him.

29.     One police officer pushed Jamel after he was handcuffed.

30.     The police placed Jamel in a van where they allowed him to put on a shirt.

31.     Tarrell Fletcher was asleep in his room when the police broke into his room.

32.     The police pulled Tarrell out of his bed.

33.     Tarrell was wearing boxer shorts.

34.     The police shoved Tarrell onto the floor, causing him to hit his face, and kicked him.

6

35.    The police placed excessively tight handcuffs on Tarrell's wrists.

36.    The police eventually allowed Tarrell to partially dress and removed him to a van.

37.    Donell Golson, who was visiting, had just got out of the shower, when he heard a loud banging at the door, and he tried to open it.

38.    The police broke the door open, grabbed Donell, forced him to the ground, and handcuffed him.

39.    The police had their firearms drawn.

40.    Donell was naked.

41.    The police picked Donell off the floor and put him on a bed.

42.    The police threw a shirt over Donell.

43.    The police eventually allowed Donell to partially dress and removed him to a van.

44.    Malik Legrand, who was visiting, woke up to the police banging on his door.

45.    Malik opened his door to find the police pointing firearms at him.

46.    The police screamed at Malik to get on the floor, and Malik did.

47.     One police told Malik that if he moved he would shoot him.

48.     The police then grabbed and handcuffed Malik.

49.     After the police handcuffed Malik they pulled him up from the floor and shoved him into to a wall.

50.     The police eventually allowed Malik to partially dress and removed him to a van.

51.     Quomenters Legrand heard the police banging and kicking.

52.     Quomenters went to the door when the police kicked it open, and kicked him onto his bed.

53.     One police officer pointed a firearm at Quomenters and ordered him to put his face down.

54.     Quomenters complied, and the police placed handcuffs on him that were so tight they cut into his wrists.

55.     Quomenters was dressed in shorts.

56.     The police eventually removed Quomenters to a van.

57.     Lawanda Page heard a loud booming sound, and the police kicked in the door to the room where she had been asleep.

58.     Lawanda was a visitor.

59.     The police grabbed Lawanda and handcuffed her.

60.    The handcuffs were excessively tight and cut into Lawanda's wrists.

61.    Lawanda was dressed in her pajamas, but was allowed to put her boots and coat on.

62.    The police removed Lawanda to a van.

63.    William Vargas was sleeping with he heard the police break open his door and saw them rush him.

64.    The police grabbed and shook William, and placed excessively tight handcuffs on his wrists.

65.    William asked the police to loosen the handcuffs, but they refused.

66.    The police removed William to a van.

67.    The police searched the building, including the rooms where plaintiffs were arrested, ransacking the building and purposely damaging plaintiffs' personal property and fixtures.

68.    The police found no controlled substance, contraband, or weapons in the building or on any of the occupants, including the plaintiffs.

69.    Hundreds of dollars of United States currency and personal property was taken from the building by the police and not returned.

70.    The police cursed and use profanity at plaintiffs.

71.    The police transported the plaintiffs to 77th Precinct for arrest processing.

72.    The plaintiffs remained at the 77th Precinct for many hours before being removed to Brooklyn Central Booking for arraignment.

73.    In order to cover up their illegal actions, the police, pursuant to a conspiracy, initiated by false sworn complaints and/or conversations, falsely and maliciously told the Kings County District Attorney's Office that the plaintiffs had committed various crimes, and the District Attorney prosecuted plaintiffs.

74.    The police made these false allegations, despite the fact that they had no evidence that plaintiffs had committed any crime or violation, to cover up their misconduct, to meet productivity goals and quotas, and/or to justify overtime expenditures.

75.    Jamel Fletcher, Tarrell Fletcher, Donnel Golson, Malik Legrand and Quomenters Legrand were released at arraignment on their own recognizance.

76.    After having to appear in criminal court several times, the charges against Jamel Fletcher were dismissed in

10

their entirety on or about November 19, 2013, terminating in plaintiff's favor.

77.   After having to appear in criminal court several times, the charges against Tarrell Fletcher were dismissed in their entirety on or about November 19, 2013, terminating in plaintiff's favor.

78.   After having to appear in criminal court, the charges against Donnel Golson were dismissed in their entirety on or about April 19, 2013, terminating in plaintiff's favor.

79.   After having to appear in criminal court several times, the charges against Malik Legrand were dismissed in their entirety on or about December 3, 2013, terminating in plaintiff's favor.

80.   After having to appear in criminal court several times, the charges against Quomenters Legrand were dismissed in contemplation of dismissal on or about November 17, 2013.

81.   After appearing in criminal court at arraignment, the charges against Lawanda Page were dismissed in contemplation of dismissal on or about March 10, 2013.

82.   After appearing in criminal court at arraignment, the charges against William Vargas were dismissed in contemplation of dismissal on or about March 10, 2013.

**<u>General Allegations</u>**

11

83.   The individual defendants acted in concert in committing the above-described illegal acts against the plaintiffs.

84.   The plaintiffs did not resist arrest at any time during the above-described incidents.

85.   The plaintiffs did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

86.   The individual defendants did not observe the plaintiffs violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

87.   The individual defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights.

88.   As a direct and proximate result of defendants' actions, plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological

pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

89. Plaintiffs are entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiffs' rights.

## FIRST CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

90. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

91. Defendants unlawfully searched plaintiffs and the building without a lawful warrant, cause, consent, or beyond the scope of any warrant.

92. Accordingly, defendants are liable to plaintiffs for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

93. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

94. Defendants unlawfully searched plaintiffs and the building without a lawful warrant, cause, consent, or beyond the scope of any warrant.

95.  Accordingly, defendants are liable to plaintiffs for unlawful search and seizure under New York State law.

### THIRD CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

96.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein

97.  Defendants falsely arrested plaintiffs without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

98.  Accordingly, defendants are liable to plaintiffs for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

### FOURTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

99.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

100. Defendants falsely arrested plaintiffs without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime.

14

101. Accordingly, defendants are liable to plaintiffs for false arrest under New York State law.

## FIFTH CLAIM

### (UNREASONABLE FORCE)

102. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

103. The individual defendants' use of force upon plaintiffs was objectively unreasonable.

104. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiffs, since plaintiffs were unarmed, compliant, and did not resist arrest.

105. Those defendants who did not touch plaintiffs, witnessed these acts, but failed to intervene and protect plaintiffs from this conduct.

106. Accordingly, the defendants are liable to plaintiffs for using unreasonable force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SIXTH CLAIM

### (ASSAULT)

107. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

15

108.  Among other things as described above, defendants' search and seizure, battery, false arrest, and unreasonable use of force against plaintiffs placed them in fear of imminent harmful and offensive physical contacts.

109.  Accordingly, defendants are liable to plaintiffs under New York State law for assault.

### SEVENTH CLAIM

#### (BATTERY)

110.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

111.  Among other things as described above, defendants' search and seizure, false arrest, and unreasonable use of force against plaintiffs were illegal physical contacts.

112.  Accordingly, defendants are liable to plaintiffs under New York State law for battery.

### EIGHTH CLAIM

#### (FAILURE TO INTERVENE)

113.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

114.  Defendants had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights, but they failed to intervene.

115.  Accordingly, the defendants are liable to plaintiffs for failing to intervene to prevent the violation of plaintiffs' constitutional rights.

## NINTH CLAIM

### (DENIAL OF FAIR TRIAL)

116.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

117.  The defendants are liable to plaintiffs because they intentionally conspired to fabricate evidence against plaintiffs, depriving plaintiffs of liberty without due process of law.

118.  Furthermore, the defendants violated the law by making false statements by drafting and/or signing a sworn criminal court complaint and false police reports.

119.  Furthermore, the individual defendants violated the law by manipulating evidence to obtain a prosecution and unjust conviction, while performing the function of investigators.

120.  The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally

17

and is redressable in an action for damages under 42 U.S.C. §
1983.

121. The individual defendants are also liable to
plaintiffs because they intentionally created false information
likely to influence a fact finder's or jury's decision by, *inter
alia*, forwarding false information to prosecutors, drafting and
signing a sworn criminal court complaint and police reports,
omitting and/or manipulating evidence, fabricating testimony and
evidence, suppressing and concealing exculpatory material and
evidence, and forwarding and presenting false information to a
court thereby violating plaintiffs' constitutional right to a
fair trial, and the harm occasioned by such an unconscionable
action is redressable in an action for damages under 42 U.S.C. §
1983.

## TENTH CLAIM

### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

122. Plaintiffs repeat and reallege all the foregoing
paragraphs as if the same were fully set forth at length herein.

123. The individual defendants are liable to
plaintiffs for malicious prosecution because prior to any grand
jury action, with intent, knowledge, and malice, the defendants
initiated a malicious prosecution against plaintiffs by drafting
and signing a sworn criminal court complaint and police reports

that provided false information to the court, alleging plaintiffs had committed various crimes.

124. The individual defendants lacked probable cause to believe the above-stated malicious prosecution could succeed.

125. The individual defendants initiated the above-stated malicious prosecution to cover up their illegal and unconstitutional conduct.

126. The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on plaintiffs.

## ELEVENTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER STATE LAW)

127. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

128. The individual defendants are liable to plaintiffs for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution(s) against plaintiffs by knowingly, intentionally, and maliciously providing false statements (including signed complaints and police reports) to prosecutors and/or the court(s), which alleged plaintiffs had committed various crimes.

129.  The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

130.  The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

### TWELFTH CLAIM

#### (TRESPASS/COVERSION OF CHATTELS)

131.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

132.  Plaintiffs had clear legal ownership to personal property and fixtures in the building and defendants trespassed and converted plaintiffs' property by taking and/or damaging the property.

133.  Accordingly, defendants are liable to plaintiffs for damages and loss that resulted from the trespass and conversion under New York State law.

### THIRTEENTH CLAIM

#### (MONELL CLAIM)

134.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

135.   Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

136.   Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiffs: (1) wrongfully arresting innocent persons in order to meet productivity goals; (2) wrongfully arresting individuals based on pretexts and profiling; (3) using unreasonable force on individuals; (4) fabricating evidence against innocent persons; and (5) improperly obtaining and executing search warrants.

137.   Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

138.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately

investigate prior complaints filed against the individual defendants.

139.   Further, defendants City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

140.   The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

## FOURTEENTH CLAIM

### (RESPONDEAT SUPERIOR)

141.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

142.   The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiffs, including falsely arresting, assaulting, and battering plaintiffs.

143. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE,** plaintiffs demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: Brooklyn, New York
November 10, 2014

MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiffs*
16 Court Street, Suite 3301
Brooklyn, New York 11241
(718) 246-2900
mhueston@nyc.rr.com
By:

_____
MICHAEL O. HUESTON